**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **EDWARD M. McBRIDE, # R-66611,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**HARRY HENDERSON,** )<br>**LILLAN OVERALL,** )<br>**STEVEN NEWBOLD,** )<br>**WEXFORD HEALTH SOURCES, INC.,** )<br>**HEAD WARDEN,** )<br>**and S. A. GODINEZ,** )<br>)<br>**Defendants.** ) | **Case No. 14-cv-01325-MJR** |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Edward McBride, who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that he was denied a soft diet at Menard Correctional Center ("Menard") in 2012. At the time, he had no upper teeth, and eating caused pain and bleeding. Plaintiff now raises an Eighth Amendment deliberate indifference to medical needs claim against Harry Henderson (dentist), Lillan Overall (dentist), Steven Newbold (dentist), Menard's head warden, Wexford Health Sources, Inc. ("Wexford"), and S. A. Godinez (Illinois Department of Corrections' ("IDOC") director). He also raises a Fourteenth Amendment equal protection claim against the same defendants. Plaintiff seeks monetary damages.

1

**The Complaint**

While he was incarcerated at Menard in 2012, Plaintiff alleges that he was denied a soft diet (Doc. 1, p. 8).  At the time, he had no upper teeth.  Eating hard foods caused bleeding gums, chronic headaches, and excruciating pain.  At times, Plaintiff could not eat at all.

On January 27, 2012, Plaintiff met with one of Menard's dentists, Dr. Overall.  This dentist examined Plaintiff and prescribed him a soft diet.  Dr. Overall renewed the prescription several times.  However, Plaintiff claims that he never actually received soft food.[1]  He allegedly directed multiple complaints about this issue to Menard's dental staff, Menard's head warden, and Springfield.

On May 21, 2012, Plaintiff met with a second dentist at Menard.  The dentist, Dr. Henderson, noticed that Plaintiff's top gums "ha[d] not heal[ed]," and opined that Plaintiff "may need pre-prosthetic surgery for ridges in Area[s] #2, 5, 6, 10, [and] 11" (Doc. 1, p. 8).  Dr. Henderson told Plaintiff that he would schedule a follow-up appointment with Plaintiff three months later.  He never met with Plaintiff again, and an exhibit to the complaint indicates that two follow-up appointments were scheduled and subsequently cancelled because Menard was on lock-down at the time (Doc. 1-1, p. 8).

The complaint also alleges that a third dentist, Dr. Newbold, deprived Plaintiff of proper dental care.  No specifics are provided in the complaint.  However, Plaintiff claims that he named Dr. Newbold, along with the other two dentists, in several grievances.  After filing multiple grievances, Plaintiff was transferred out of Menard.

Plaintiff now sues the three Menard dentists, Menard's head warden, IDOC Director Godinez, and Wexford for exhibiting deliberate indifference to his medical needs in violation of the Eighth Amendment.  Plaintiff sues the same defendants under the Fourteenth

---

[1] The complaint does not describe the food that Plaintiff received.

2

Amendment for violating his right to equal protection of the law. He seeks monetary damages (Doc. 1, p. 9).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth*

*Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The complaint does not survive preliminary review under this standard.

## Discussion

**Count 1 – Eighth Amendment Claim**

The complaint articulates no viable Eighth Amendment claim (**Count 1**) for deliberate indifference to medical needs against any of the defendants. The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To succeed on this claim, Plaintiff is required to show that: (1) he suffered from an objectively serious medical condition; and (2) each individual defendant was deliberately indifferent to the condition. *Berry*, 604 F.3d at 440 (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006); *Zentmyer v. Kendall County*, 220 F.3d 805, 810 (7th Cir. 2000)).

As for the objective standard, the Seventh Circuit has held that "dental care is one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (citation omitted). Examples of "objectively serious" dental needs involve circumstances in which the failure to treat a dental condition causes an inmate to suffer an array of problems, such as headaches, extreme pain, bleeding, infected gums, and problems eating. *Id.* at 593 (citations omitted). The complaint alleges that Plaintiff had no upper teeth, and eating hard food caused pain and bleeding. Even if the Court assumes without deciding that this pain

resulted from an objectively serious condition, the allegations still do not support a deliberate indifference claim against the defendants.

The complaint must "demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  This state of mind is deliberate indifference.  In order to state a deliberate indifference claim, Plaintiff "must allege that a prison official recklessly or intentionally disregarded a substantial risk of serious harm." *Brady v. Aldridge*, 493 Fed. Appx. 790, 791 (7th Cir. 2012) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGowan v. Hulick*, 612 F.3d 636, 641 (7th Cir. 2010)).  None of the allegations suggest that Defendants recklessly or intentionally harmed Plaintiff.

No deliberate indifference claim has been stated against Dr. Overall. This defendant repeatedly prescribed Plaintiff a soft diet.  The fact that the dietary department may have disregarded this prescription, or not carried out the dentist's orders in the way Plaintiff preferred, does not give rise to a claim against Dr. Overall.  "Neither medical malpractice nor mere disagreement with a doctor's medical judgment" is sufficient to establish deliberate indifference in violation of the Eighth Amendment.  *Berry*, 604 F.3d at 441 (citing *Estelle*, 429 U.S. at 106; *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)).  Plaintiff's claim, if any exists, is against the dietary staff who denied him adequate access to soft food.  Count 1 shall be dismissed without prejudice against Defendant Overall.

Likewise, no deliberate indifference claim has been stated against Defendant Henderson.  This defendant met with Plaintiff on May 21, 2012. Defendant Henderson allegedly examined Plaintiff, noted that his gums had not healed, and decided that pre-prosthetic surgery may be necessary.  Defendant Henderson made a plan to

follow up with Plaintiff in three months before making a decision.  Although this follow-up examination allegedly never occurred, the complaint does not suggest that this resulted from the deliberate indifference of Defendant Henderson.  To the contrary, Plaintiff alleges that he was transferred out of Menard before the appointment occurred.  Moreover, an exhibit filed with the complaint reveals that two follow-up appointments were scheduled and cancelled because of lock-downs.  Under the circumstances, no Eighth Amendment claim has been stated against Defendant Henderson, and Count 1 shall be dismissed without prejudice against this defendant.

The complaint includes only conclusory allegations against Defendant Newbold.  Plaintiff alleges that this defendant "violated Plaintiff['s] Eighth Amendment right[s] by denying the proper dental [and] medical treatment while working at Menard CC around the time Plaintiff['s] injuries were happening" (Doc. 1, p. 8).  Nothing more is alleged.  Conclusory allegations, such as these, are insufficient to state a claim under Section 1983.  Accordingly, Plaintiff cannot proceed with Count 1 against Defendant Newbold.  This claim shall be dismissed without prejudice against Defendant Newbold.

Likewise, no claim is articulated against Menard's head warden.  Plaintiff claims that he talked with this defendant.  No other details are provided.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  As a result, the doctrine of *respondeat superior* does not apply to actions filed under Section 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).  Put differently, Menard's head warden cannot be liable for a constitutional deprivation merely because of his supervisory role at the prison.  He must have caused the deprivation of a constitutional right.  Allegations that

Plaintiff and Menard's head warden talked, without more, falls far short of establishing the requisite level of personal involvement in a constitutional deprivation on the part of the head warden, and Count 1 against this defendant also fails and shall be dismissed without prejudice.

Similarly, no claim is stated against Defendant Godinez.  This defendant appears to have been named in this action merely because he is the IDOC director.  However, the statement of claim includes no factual allegations against him.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Plaintiff cannot proceed with Count 1 against Defendant Godinez, and this claim shall be dismissed with prejudice against him.

Finally, Plaintiff cannot proceed with Count 1 against Wexford.  Plaintiff asserts no colorable claim that any individual defendant acted or failed to act as a result of an official policy espoused by Wexford.  *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation).  Accordingly, Count 1 shall also be dismissed with prejudice against Wexford.

Based on the foregoing discussion, **Count 1** shall be dismissed against all of the defendants.

7

**Count 2 – Fourteenth Amendment Claim**

The complaint states no substantive due process claim under the Fourteenth Amendment against any defendants. The Equal Protection Clause of the Fourteenth Amendment protects individuals from governmental discrimination. *Swanson v. City of Chetek*, 719 F.3d 780 (7th Cir. 2013). As the Seventh Circuit explained in *Swanson*, "[t]he typical equal protection case involves discrimination by race, national origin or sex. However, the Clause also prohibits the singling out of a person for different treatment for no rational reason." *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). The complaint alludes to a Fourteenth Amendment equal protection claim. Beyond mention the claim, however, no allegations suggest that Plaintiff was singled out for different treatment for any reason. Absent any factual allegations in support of this claim, **Count 2** shall be dismissed with prejudice against all of the defendants.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED without prejudice** from this action for failure to state a claim upon which relief may be granted, and **COUNT 2** is **DISMISSED with prejudice** for failure to state a claim.

**IT IS ALSO ORDERED** that Defendants **HENDERSON, OVERALL,** and **NEWBOLD** are **DISMISSED** without prejudice, and Defendants **WEXFORD** and **GODINEZ** are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that all pending motions (Docs. 3, 4) are hereby **DENIED** as **MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count

as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr*. 150 F.3d 810, 811 (7th Cir. 1998).

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 6, 2015**

                                                                **s/ MICHAEL J. REAGAN**
                                                                **U.S. District Judge**

9